**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

CASE NO. 09-CA-34990

NEREYDA FRIAS
    Plaintiff,

vs.

6:09-cv-2023-Orl-31KRS

JERRY L. DEMINGS in his capacity as Sheriff of Orange County, and GERALD CAVIS, Orange County Sheriff Deputy
    Defendants.
_____/

II.   TYPE OF CASE

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution<br>☐ Dissolution<br>☐ Support – IV-D<br>☐ Support – Non IV-D<br>☐ URESA – IV-D<br>☐ URESA – Non IV-D<br>☐ Domestic violence<br>☐ Other domestic relations | ☐ Professional Malpractice<br>☐ Products liability<br>☐ Auto negligence<br>☐ Other negligence | ☐ Contracts<br>☐ Condominium<br>☐ Real property/ Mortgage foreclosure<br>☐ Eminent domain<br>☑ Other |

III.   Is Jury Trial Demanded in Complaint?

    ☑ Yes
    ☐ No

DATE: 11/4/09    SIGNATURE OF ATTORNEY INITIATING ACTION

Charles E. Taylor, Jr., Esq.
Florida Bar No.: 0529321
18 West Pine Street
Orlando, Florida 32801
407-244-5997 telephone
407-849-6059 fax

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY

Case No: 09-CA-34990

NEREYDA FRIAS
    Plaintiff,

vs.

JERRY L. DEMINGS in his capacity as Sheriff
of Orange County, and GERALD CAVIS, Orange
County Sheriff Deputy
    Defendants.

_____/



## COMPLAINT

Plaintiff, Nereyda Frias, by and through undersigned counsel, hereby sues Defendants and states as follows:

### JURISDICTION

1. This is a civil rights and tort action brought pursuant to 42 U.S.C. §§1983 and 1988 and Florida Chapter 768. This action is brought by Plaintiff against Jerry L. Demings in his capacity as Sheriff of Orange County Florida and against Gerald Cavis, Orange County Sheriff Deputy for a violation of Plaintiff's civil rights.

2. This claim is in excess of $15,000.00.

3. All statutory condition precedents have been complied with before the initiation of this action.

### PARTIES

4. Nereyda Frias, Plaintiff, is a Florida resident.

5. Jerry L. Demings, is a constitutional officer elected pursuant to Florida law to serve as

Sheriff of Orange County.

6. Gerald Cavis is employed by Jerry L. Demings as an Orange County Sheriff Deputy.

## FACTS

7. On or about July 8, 2009, Alex Izurieta ("Izurieta"), Plaintiff's boyfriend, arrived home at midnight and noticed his 16 year old son was missing. Izurieta awoke Frias from sleeping and asked her did she know where the child was.

8. Frias informed Izurieta she took both Izurieta's father and the child to the airport earlier in the day. Izurieta called police.

9. Izurieta's father was visiting from out of state for approximately one week.

10. While Izurieta was talking to the 911 operator, Frias took the youngest child outside to calm him.

11. An employee of Defendant, Gerald Cavis, an Orange County Sheriff Deputy responded to the scene.

12. When the officer arrived, Izurieta met him outside. At no time was the officer invited into the home. Izurieta informed the officer the child was with the grandfather without his permission.

13. Izurieta also informed the officer that Frias took both to the airport but other than that, she was not involved.

14. The officer noticed Frias at the back of the building. He instructed her to come to him. She ignored the officer and walked into the home. The door closed behind her.

15. The officer opened the door, followed her into the home without a warrant, and without knocking, and without permission.

16. Thereafter and while inside, the officer arrested Frias for resisting and battery on a law enforcement officer.

## COUNT I
## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983 and FLORIDA CONSTITUTION ARTICLE 1 SECTION 12
## GENERAL ALLEGATIONS

17. Plaintiff re-alleges and incorporates herein paragraphs 1 through 16.

18. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States including and under Article I Section 12 of the Florida Constitution, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from false arrest; and d) the right to be secure in one's residence.

19. In violating Plaintiff's rights as set forth above, Defendants acted under color of state law and conducted an illegal and warrantless entry into Plaintiff's residence. The illegal and warrantless entry set into motion the chain of events that led to an illegal seizure of Plaintiff in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under Article I Section 12 of the Florida Constitution and under Florida's Knock and Announce Statute.

20. As a direct and proximate result of the violation of Plaintiff's constitutional rights by Defendants, Plaintiff suffered damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §§ 1983 and 1988.

21. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### COUNT II
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 and FLORIDA CONSTITUTION ARTICLE 1 SECTION 12
### WARRANTLESS ENTRY INTO RESIDENCE

22. FRIAS re-alleges and incorporates herein paragraphs 1 through 16.

23. While acting under the color of state law, Defendants violated Plaintiff's Fourth Amendment Rights when they entered Plaintiff's residence without a warrant.

24. Defendants knew or should have known that the Unites States Constitution, the Florida Constitution, and the laws of Florida only authorize law enforcement officers to enter the residence of a citizen when officers have a warrant unless an exception applies.

25. The actions taken by Defendants were excessive and unreasonable under the circumstances.

26. As a direct and proximate cause of the warrantless entry, Plaintiff's constitutional rights were violated and caused her to suffer mental anguish, emotional distress, deprived her of protected freedom to be secure in her home, and caused her to incur legal expenses.

### COUNT III
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 and FLORIDA CONSTITUTION ARTICLE 1 SECTION 12
### FALSE ARREST

27. Plaintiff re-alleges and incorporates herein paragraphs 1 through 16.

28. In committing the acts complained of herein, Defendants acted under color of state law by

falsely arresting and detaining Plaintiff with no basis in fact or law to do so. In violating Plaintiff's right to be free from false arrest, Defendants violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I Section 12 of the Florida Constitution.

29. As a direct and proximate result of the violation of her constitutional right to be free from false arrest by Defendants, Plaintiff suffered damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §§ 1983 and 1988.

## COUNT III
## NEGLIGENCE

30. FRIAS re-alleges and incorporates herein paragraphs 1 through 16.

31. Defendants owed Plaintiff a duty to use due care at the time of the aforementioned incident.

32. In committing the aforementioned acts and/or omissions, Defendants negligently breached said duty to use due care, which directly and proximately resulted in the violation of Plaintiff's civil rights as alleged herein.

WHEREFORE, Plaintiff prays this Court to enter a judgment against Defendants for damages and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988, requests a trial by jury, and any other relief the court deems necessary and proper.

_____
Charles E. Taylor, Jr., Esq.
Law Offices of Charles E. Taylor, Jr., Esq., P.A.
18 West Pine Street
Orlando, Florida 32801    0529321

(407) 244-5997

Page 5 of 5