IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:09-cv-2023-Orl-31KRS

NEREYDA FRIAS

  Plaintiff,
vs.

JERRY L. DEMINGS in his capacity as Sheriff
of Orange County, and GERALD CAVIS, personally
and individually

  Defendants.
_____/

**PLAINTIFF'S RESPONSES AND MEMORANDA TO BOTH
DEFENDANTS' MOTIONS TO DISMISS**

  Plaintiff, Nereyda Frias, by and through undersigned counsel, hereby responds to both Defendants' Motions to Dismiss and states as follows:

*Standard of Review*

  Both Defendants move to dismiss the Amended Complaint or portions thereof pursuant to Federal Rule of Civil Procedure 12(b)(6).  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).  A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232 (1947).  The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests.  *Harris v. Procter*

*& Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996).

A.     *Intentional Infliction of Emotional Distress As To Defendant Demings*

<u>Statutory Sovereign Immunity & Common Law Sovereign Immunity</u>

Defendant Demings argues Count III should be dismissed as to him because of statutory sovereign immunity pursuant to Florida Statute § 768.28(9)(a), and common law sovereign immunity. After thoughtful consideration, Plaintiff will not object if the Court decides to dismiss Count III as to Defendant Demings only.

B.     *Qualified Immunity*

Defendant Cavis argues he is entitled to qualified immunity and the Court should dismiss the Amended Complaint. Qualified immunity provides a complete defense from suit and from liability for government officials who are sued in their individual capacities for the performance of their discretionary functions. *See Storck v. City of Coral Springs*, 354 F.3d 1307, 1313-14. (11th Cir. 2003). Qualified immunity's protection exists as long as the official's conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 1313 (quoting *Lassiter v. Ala. A & M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The purpose of qualified immunity:

> is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law. Because qualified immunity is a defense not only from liability, but also from suit, it is important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible.

*Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 1998) (internal citations and quotations omitted).

The test for whether a defendant is entitled to qualified immunity from liability in his

individual capacity involves a two-step analysis. *Hope v. Pelzer*, 536 U.S. 730 (2002). Before applying the test, a government official first must demonstrate that he or she "was acting within the scope of his discretionary function when the allegedly unconstitutional acts took place." *Storck*, 354 F.3d at 1314 (quoting *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991)). If the defendant satisfies this burden, the first prong of the test requires the plaintiff to show either that the official's actions "violated clearly established constitutional law" or a federal statute. *Rich v. Dollar*, 841 F.2d 1558, 1563-64 (11th Cir. 1988); *Saucier v. Katz,* 533 U.S. 194, 201 (2001). "[I]f a constitutional right would have been violated under the plaintiff's version of the facts, 'the next, sequential step is to ask whether the right was clearly established.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier,* at 201.

In this case, no party disputes that Defendant Cavis was employed by the Sheriff of Orange County as a law enforcement officer and that he was acting in his official capacity at the time of all actions taken involving Plaintiff. Therefore, the burden shifts to Plaintiff to first establish whether a constitutional right was violated. The Amended Complaint clearly alleges a violation of Plaintiff's rights under the Fourth Amendment of the Constitution. More specifically unreasonably entering Plaintiff's residence and arresting Plaintiff without a warrant. The Amended Complaint clearly asserts a violation under the United States Constitution. There is no dispute the United States Constitution prohibits unreasonable searches and seizures. The four corners of the Amended Complaint allege sufficient facts to support a violation of the Fourth Amendment. The Court must view the facts in the Amended Complaint in a light most favorable to Plaintiff. The second step requires Plaintiff to demonstrate whether the right was clearly

established. There can be no dispute the Fourth Amendment clearly establishes the right to be secure in one's home against unreasonable searches and seizures.

C.  *Florida Constitution & State Law Violations*

Both Defendants argue Plaintiff's assertions of violations of the Florida Constitution and/or state law should be dismissed because 42 U.S.C. § 1983 does not create a remedy for wrongs allegedly committed in violation of state law. Although a individual cause of action may not be feasible under state law, these violations are relevant and will be used to demonstrate Defendants acted contrary to clearly established State and Federal laws when he illegally and unreasonably arrested Plaintiff. Using current Federal and State law as a basis, Plaintiff will prove bad faith, malicious purpose, or wanton and willful disregard of human rights pursuant to Florida Statute 768.28(9).

D.  *Punitive Damages*

Defendant Demings argues for dismissal of Plaintiff's prayer for punitive damages against Defendant Demings. Plaintiff seeks punitive damages against Defendant Cavis, not Defendant Demings.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court (CMECF) on this 23rd day of December 2009 by using the CMECF system which will send a notice of electronic filing to the following: Ian D. Forsythe, Esq., attorney for Defendants.

Charles E. Taylor, Jr., Esq.
Charles E. Taylor, Jr., Esq.
Florida Bar No.: 0529321
18 West Pine Street
Orlando, Florida 32801
407-244-5997 phone
407-849-6059 fax
Charles@attorneytaylor.com